## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NESTOR SOLOMON BACA,

       Petitioner,

vs.                                                            No. CIV 15-0423 JB/LAM
                                                                  CR 12-0445 JB

UNITED STATES OF AMERICA,

       Respondent.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court the Motion for Nunc Pro Tunc Under 28 U.S.C.

§ 2241 Under Writ of Habeas Corpus in Prison, filed May 14, 2015 (CIV Doc. 1)(CR Doc. 86)(the

"Petition").   Petitioner Nestor Solomon Baca seeks an order crediting his sentence for time he

spent in pretrial custody.   The Court will dismiss the Petition without prejudice.

Baca was convicted in this Court and is confined at United States Penitentiary El Reno in

Oklahoma.   Because Baca is confined in Oklahoma, his Petition under 28 U.S.C. § 2241 may not

be adjudicated in this district.   <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 447 (2004)("[A] § 2241

habeas petitioner . . . should name his warden as respondent and file the petition in the district of

confinement.").   As the United States Court of Appeals for the Tenth Circuit has stated, a district

court does not have jurisdiction over a petition under § 2241 unless the petitioner is confined in the

same district.   <u>See</u> <u>Montalvo v. Werlizh</u>, 461 F. App'x 818, 819 (10th Cir. 2012)(unpublished).[1]

---

[1]<u>Montalvo v. Werlizh</u> is an unpublished opinion, but the Court can rely on an unpublished
opinion to the extent its reasoned analysis is persuasive in the case before it.   <u>See</u> 10th Cir. R.
32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive
value.").   The Tenth Circuit has stated:

    In this circuit, unpublished orders are not binding precedent, . . . and we have
    generally determined that citation to unpublished opinions is not favored.

The Court has no jurisdiction to adjudicate Baca's § 2241 Petition.  To cure this jurisdictional

defect, the Court must transfer Baca's Petition to the district of his confinement or dismiss it

without prejudice.

> A petition under 28 U.S.C. § 2241 must be filed in the district where the prisoner is confined.
>     Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer an action "if the transfer is in the interest of justice." We are "authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."

United States v. Lee, 4 F. App'x 643, 645 (10th Cir. 2001)(unpublished)(citation omitted)(quoting

Haugh v. Booker, 210 F.3d 1147, 1149-50 (10th Cir. 2000)).

The Tenth Circuit has noted several factors that should be considered in determining

whether to transfer or dismiss an initiating pleading.  See Trujillo v. Williams, 465 F.3d 1210,

1223 n.16 (10th Cir. 2006).   See also In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)(applying

Trujillo v. Williams in determining whether to transfer second § 2255 motion to court of appeals).

The first of these factors is whether a new petition would be time-barred at this point.   See Haugh

v. Booker, 210 F.3d at 1150.   Nothing in the Petition indicates that Baca's claims are at risk of

being time-barred.

The other factors are whether Baca's habeas corpus claims "are likely to have merit,"

Trujillo v. Williams, 465 F.3d at 1223 n.16; Haugh v. Booker, 210 F.3d at 1150 n.4, and whether

---

> However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).   The Court finds that Montalvo v. Werlizh; United States v. Lee, 4 F. App'x 643 (10th Cir. 2001)(unpublished); United States v. Buck, No. 99-2129, 194 F.3d 1321, 1999 WL 811685 (10th Cir. Oct. 12, 1999)(table opinion)(unpublished), have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order of Dismissal.

he filed his Petition in good faith, see Trujillo v. Williams, 465 F.3d at 1223 n.16; Trierweiler v. Croxton & Trench Holding Co., 90 F.3d 1523, 1544 (10th Cir. 1996).   The Court expresses no opinion whether Baca might ultimately prevail on his § 2241 claims, but his assertion that he is exempt from filing the Bureau of Prison's administrative remedy must be resolved before he can pursue relief under § 2241.   See United States v. Wilson, 503 U.S. 329, 335-36 (1992); Bennett v. U.S. Parole Comm'n, 83 F.3d 324, 328 (10th Cir. 1996).   On consideration of the Trujillo v. Williams factors, the Court will dismiss Baca's Petition for lack of jurisdiction without prejudice to his right to seek relief under § 2241 in the district where he is confined.   See United States v. Buck, No. 99-2129, 194 F.3d 1321, 1999 WL 811685, at *2 (10th Cir. Oct. 12, 1999)(table opinion)(unpublished).   See also United States v. Miller, 594 F.3d 1240, 1242 (10th Cir. 2010).

     **IT IS ORDERED** that the Motion for Nunc Pro Tunc Under 28 U.S.C. § 2241 Under Writ of Habeas Corpus in Prison, filed May 14, 2015 (CIV Doc. 1)(CR Doc. 86), is dismissed for lack of jurisdiction without prejudice to Petitioner Nestor Solomon Baca's right to seek relief in the district where he is confined, and final judgment will be entered.

 

                                                        _____
                                             UNITED STATES DISTRICT JUDGE

*Parties:*

Nestor Solomon Baca
Federal Correctional Institution
El Reno, Oklahoma

     *Petitioner pro se*